## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**

**v.**

**ARNALDO J. IRIZARRY-IRIZARRY,**

**Defendant.**

**Crim. No. 21-082 (ADC)**

## OPINION AND ORDER

On November 12, 2024, defendant Arnaldo J. Irizarry-Irizarry ("Irizarry") filed a motion for release pending appeal of his 37-month sentence of imprisonment imposed by the Court on November 6, 2023. **ECF No. 673**. The Court ordered the United States of America ("government") to respond to the defendant's motion by no later than November 29, 2024. **ECF No. 674**. The government complied and opposed. **ECF No. 675**.

To be entitled to release on bail pending appeal under the applicable law, Irizarry must, among other things, establish that his appeal raises a substantial question of law or fact that, if decided in his favor, would likely result in the reversal of his conviction, a new trial, a sentence that does not include a term of imprisonment, or one reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b).

Yet this is a high bar, and the Court concludes that Irizarry has not established that his appeal presents such questions. Accordingly, for the reasons explained below, the Court **DENIES** defendant's motion.

### I.    Procedural Background

On March 22, 2021, a grand jury returned a thirty-three-count indictment against Irizarry and six other co-defendants, with Irizarry indicted on four counts, namely: one count charging a conspiracy to commit wire fraud (18 U.S.C. §§ 1349, 1343), two counts of wire fraud (18 U.S.C. § 1343), and one count of money laundering (18 U.S.C. §§ 1957, 2). **ECF No. 3-1**, at 1, 16-17, 20.

Count One charged Irizarry with engaging in a conspiracy with his co-defendants to commit wire fraud from March 2016 through June 2018 by falsely representing to the Municipality of Mayagüez ("Mayagüez") and the Mayagüez Economic Development Inc. ("MEDI"), an entity with which Mayagüez had entrusted approximately nine million dollars of public funds for investment, that the totality was invested and yielding a significant rate of return. *Id.*, at 1-14. Count Seven charged Irizarry and certain of his co-defendants with willfully and knowingly having intended to devise or having devised a scheme to defraud or obtain money and property by means of fraudulent pretenses as related to a wire transfer of $90,000 dated April 6, 2016. *Id.*, at 14-16. Count Seventeen charged Irizarry and certain of his co-defendants with willfully and knowingly having intended to devise or having devised a scheme to defraud or obtain money and property by means of fraudulent pretenses as related to a wire transfer of $90,000 dated July 18, 2016. *Id.*, at 14-17. Lastly, Count Thirty charged Irizarry with money laundering by using a check for $24,000 on April 14, 2016, to pay off a vehicle. *Id.*, at 18-20.

Trial began on October 31, 2022. On November 7, 2022, after the close of the government's case-in-chief, Irizarry made an oral Fed. R. Civ. P. 29(a) motion ("Rule 29 Motion") which the Court denied. **ECF No. 338**. On November 9, 2022, after the close of the defense's case-in-chief, Irizarry renewed the Rule 29 Motion, which the Court again denied. **ECF No. 344**. Later that same day, the jury found Irizarry guilty on all four counts. **ECF No. 349.**

On November 6, 2023, Irizarry was sentenced by the Court to a term of imprisonment of 37 months as to each count (to be served concurrently), a term of supervised release of three years as to each count (also to be served concurrently), and a monetary assessment fee of $400. Judgment, **ECF No. 595**.

On November 10, 2023, Irizarry filed a notice of appeal with the First Circuit. **ECF No. 599**. Following the docketing of his appeal, on July 22, 2024, Irizarry filed a motion for modification of his sentence under Amendment 821, asserting his eligibility for a two (2) point reduction on his offense level for being a "zero-point offender," **ECF No. 657**, which the Court denied on September 11, 2024, **ECF No. 667**.[1] Subsequently, on November 12, 2024, just over a year after his sentencing, Irizarry filed his motion for release pending appeal. **ECF No. 673**. The government opposed on November 26, 2024. **ECF No. 675**. Irizarry filed a renewed motion for release pending appeal on January 9, 2025. **ECF No. 686**.

---

[1] In denying petitioner's request, the Court considered the unopposed Report and Recommendation issued by the Magistrate Judge who also examined defendant's record and determined, as supported by the record, that because defendant caused "substantial financial hardship," he did not qualify under the provisions of § 4C1.1 of the Sentencing Guidelines. **ECF No. 660**.

## II.    Legal Standard

Release pending appeal is governed by 18 U.S.C. § 3143. *See* Fed. R. Crim. P. 46(c). This section provides for the continued detention of a defendant convicted and sentenced to a term of imprisonment pending appeal. 18 U.S.C. § 3143(b). "[T]here is no presumption in favor of release pending appeal; on the contrary. . . detention (following conviction and sentencing) is mandatory unless the defendant can establish that one of the exceptions contained in the statute applies." *See United States v. Colón-Muñoz*, 292 F.3d 18, 20 (1st Cir. 2002). The burden of establishing that an exception applies rests squarely on the defendant. *United States v. Colón-Berríos*, 791 F.2d 211, 214 n.4 (1st Cir. 1986) ("In enacting § 3143, Congress placed the burden as to all elements bearing on whether to grant bail pending appeal on defendants.").

Under 18 U.S.C. § 3143(b)(1), a defendant must establish:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
　　(i) reversal,
　　(ii) an order for a new trial,
　　(iii) a sentence that does not include a term of imprisonment, or
　　(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

With regards to the second prong, it may be divided into "two distinct requirements: (1) that the appeal raise a substantial question of law or fact and (2) that if that substantial question

is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Bayko*, 774 F.2d 516, 522 (1st Cir. 1985).[2]

A "substantial question of law or fact" is one that is "a close question or one that very well could be decided the other way." *United States v. Zimny*, 857 F.3d 97, 100 (1st Cir. 2017) (citing *Bayko*, 774 F.2d at 523). This determination is to be made on a case-by-case basis, and the mere "possibility of reversal" is not enough to make a question a substantial one. *Bayko*, 774 F.2d at 523 ("The finding made by the district court was that there was 'a possibility of reversal.' This cannot mean 'a "close" question or one that very well could be decided the other way.'").

If the defendant establishes the existence of a substantial question, then the Court "proceeds on the assumption that the substantial question of law or fact 'is determined favorably to defendant on appeal.'" *Zimny*, 857 F.3d at 100-01 (citing *Bayko*, 774 F.2d at 522). Then, the question is limited to whether it is likely that such decision will result in one of the four outcomes listed in 18 U.S.C. § 3143(b)(1)(B). Whether this likelihood test is met depends on whether the error raised on appeal is harmless or not. *Bayko*, 774 F.2d at 523 ("[T]he language in the statue which reads 'likely to result in reversal or an order for a new trial' is a requirement that the claimed error not be harmless or unprejudicial.").

---

[2] The Court notes that the version of the statute cited in *Bayko* did not include language equivalent to 18 U.S.C. § 3143(b)(1)(B)(iii-iv).

### III.    Discussion

The Government argues that the Court need not address the first two requirements of section 3143(b) (that the person is not likely to flee or pose a danger to the safety of any other person or the community if released) if defendant's motion fails as to the second prong. **ECF No. 675**, at 2 (citing *United States v. McDonough*, 2011 U.S. App. LEXIS 26656, at *2 (1st Cir. Nov. 14, 2011)). The Court agrees, and the resulting analyses begins and ends with defendant's failure to present a substantial question of law or fact on appeal.

**A.    The appeal does not raise a substantial question of law or fact which would likely result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or one reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.**

In his motion, Irizarry puts forth two grounds raised on appeal that purportedly justify his release. First, that there was "insufficient evidence that he participated in the conspiracy charged in the indictment and that his conviction was the result of a prejudicial variance." **ECF No. 673**, at 2. Second, that his "request for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) was erroneously denied. . . ." *Id.*, at 3.  Whether either of these grounds raises a substantial question of law or fact depends on how close the question is—that is, if the issue raised can very well be decided either way. *Zimny*, 857 F.3d at 100. The Court analyzes the "closeness" of each question raised by Irizarry, as well as the likely effect of a favorable decision, separately below.

### 1. The sufficiency of the evidence.

Irizarry first argues that there was "insufficient evidence that he participated in the conspiracy charged in the indictment and that his conviction was the result of a prejudicial variance." **ECF No. 673**, at 2. Additionally, he asserts that the "weight of the evidence against him fail[ed] to show beyond a reasonable doubt that he committed the crimes charged." *Id.*, at 2-3. Irizarry alleges that, for these reasons, "his conviction will be reversed" on appeal. *Id.*, at 3. Irizarry provides no additional reasoning or evidence to support this assertion.

The Court has already twice denied Irizarry's motions claiming that there was insufficient evidence. *See* **ECF Nos. 338, 344**. This is because the government, as explained in its opposition brief, presented ample evidence at trial that he participated in the crimes charged in the indictment. **ECF No. 675**, at 3-7. Of the $9,00,000.00 with which Mayagüez had entrusted MEDI to invest, Irizarry received approximately $126,100.00, payable to his corporation, U.A. United Advisors Corp. ("U.A.")[3], which was purportedly providing legal consulting services to Mayagüez. *Id.*, at 5. Defendant incorporated U.A. on March 17, 2016, three weeks before he received an initial transfer of $90,000. *Id.*, at 6 (citing Gov. Tr. Ex. 78; **ECF No. 320-1**, Stipulation of Fact No. 16). Subsequently, U.A. received payments between $5,500.00 to $9,000.00 from May to December of 2016. *Id.*, at 6. Irizarry spent this money on vehicles, cash withdrawals, and retail purchases.[4] *Id.* (citing Gov. Tr. Ex. 55; Trial Tr., Nov. 1, 2022, **ECF No. 622**, at 72:16-73:7,

---

[3] Petitioner Irizarry was registered as the incorporator and authorized person for United Advisors, LLC. *See* ECF No. 320-1, Stipulation of Fact No. 16.
[4] *See also* ECF No 475, at 24-25.

testimony of Alfredo M. Martinez Ortiz). Irizarry's co-defendant, Roberto Mejill Tellado, testified at trial that he never saw any actual work product rendered in exchange for the payments received by U.A. *Id*., at 6.

The government also provided evidence at trial that Irizarry was not entitled to receive the approximately $126,100.00. *Id*. (citing Gov. Tr. Ex. 78, at 15; Gov. Tr. Exs. 47-47d, 55-55c.; Presentence Report, **ECF No. 493**, at 30 ¶ 53 (Mario Betancourt Pagán testifying that defendant was not in agreement with Betancourt Pagán's recommendation that the $9,000,000.00 be recuperated by Mayagüez, and insisted that the transaction was legal), 32 ¶¶ 58-59 (Carlos Padilla Velez testifying that Irizarry did not provide any information as to where the money was), 35 ¶ 73 (Carlos Ortiz Collado testifying about seeing Irizarry with other co-defendants, appearing for MEDI meetings at offices of defendant Eugenio Garcia Jimenez), 43, ¶ 108 (FBI Special Agent Daniel Crecilius testifying that Irizarry indicated that he used the earnings of that company mainly to pay personal expenses, such as a vehicle and some debts, and adding that the only benefactor of the 9 million dollar transaction should have been Mayagüez)).

The mere "possibility of reversal" that Irizarry raises – supported by no argument as to what evidence was indeed insufficient, or what alleged "prejudicial variance" was present at trial – is not enough to make the question "substantial." *Bayko*, 774 F.2d at 523. The Court thus holds that Irizarry's argument on the sufficiency of the evidence fails the second prong of section 3143(b) at the outset.

585b993f3840b38e

### 2.  The Court's sentencing calculation.

Secondly, Irizarry argues that the Court erroneously denied his request for a reduced sentence. **ECF No. 673**, at 3. He further claims that, were the Court to determine his eligibility for a "sentencing reduction under Part A and Part B, Subpart 1 of Amendment 821 to Policy Statement § 1B1.10(d)," then he would have a "term of imprisonment that is less than the total of time he has already served – which is almost one year – plus the duration of the appeal process." *Id*., at 3. As was the case with his threadbare argument regarding sufficiency of the evidence, Irizarry provides no additional reasoning or evidence to support this assertion.

The issue of whether Irizarry could qualify for a sentencing reduction based on whether he "did not personally cause substantial financial hardship," *see* U.S.S.G. § 4C1.1 (a)(6), does not present a "close question" of law or fact. *See Zimny*, 857 F.3d at 100. Indeed, the Court has already denied Irizarry's motion for a modification of his sentence based on the same argument. **ECF Nos. 657**, **667**. The United States Sentencing Guideline § 4C1.1 Adjustment for Certain Zero-Point Offenders does not apply here, as application of the adjustment requires that the defendant "did not personally cause substantial financial hardship." *See* U.S.S.G. § 4C1.1 (a)(6). As the government explains, the victim Mayagüez "had to use municipal government resources, including hiring legal counsel" to pursue the money wrongfully taken, and the use of such resources "mean[t] less resources for other government functions." **ECF No. 675**, at 7. The evidence at trial demonstrated that the nine million dollars of public funds was destined to construct the Mayagüez Trauma Center which, to date, has not been constructed and was

jeopardized during the years in which the scheme described in the conspiracy was set in motion and executed. Defendant Irizarry, as depicted by the evidence, met with and was aware that his co-conspirators also obtained significant economic benefits, causing substantial financial hardship to Mayagüez. As Irizarry did indeed personally cause substantial financial hardship, he is not eligible for the zero-point sentencing adjustment, and the Court holds that Irizarry's argument on such fails the second prong of section 3143(b) at the outset.

## IV.    Conclusion

Irizarry's request for release pending appeal is **DENIED**. Petitioner has not shown that his appeal presents a substantial question of law or fact "likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Bayko*, 774 F.2d at 522. Therefore, he has not met the burden of establishing his entitlement to relief under 18 U.S.C. § 3143(b)(1).

**SO ORDERED**.

At San Juan, Puerto Rico, on this 9th day of September, 2025.

S/**AIDA M. DELGADO-COLÓN**
**United States District Judge**